HONORABLE CHRISTOPHER M. ALSTON
CHAPTER 13
Hearing Date: August 2, 2018
Hearing Time: 9:30 a.m.
Hearing Location: Seattle, WA
Response Date: July 26, 2018

UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| In re: | ) |
| | ) Bank No. 18-12299-CMA |
| JASON L. WOEHLER, | ) |
| | ) |
| | ) MOTION FOR RELIEF FROM STAY |
| Debtor. | ) TO PURSUE LAWSUIT |
| | ) |
| | ) |

COME NOW Heidi & Ernest Anglin ("Anglins"), by and through their attorney, James A. Sturdevant, and move this Honorable Court for relief from the automatic stay of 11 U.S.C. § 362(a). They state as grounds therefor the following:

INTRODUCTION

1. Anglin seeks relief from the stay solely to continue to pursue their claims against Jason Woehler ("Woehler") in *Heidi & Ernest Anglin v Merchants Credit Corporation and Jason Woehler;* Case 2:18-cv-00507-JCC in the United States District for the Western District of Washington (the "Lawsuit").

FACTS

1. The Lawsuit was filed on April 5, 2018.

MOTION FOR RELIEF FROM STAY TO PURSUE
LAWSUIT - 1/5
Case No. 18-12299-CMA
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

Case 18-12299-CMA    Doc 12    Filed 06/19/18    Ent. 06/19/18 12:06:57    Pg. 1 of 5

A. The case arose when certain creditors assigned unpaid medical debts of the Anglins and their marital community to Merchants Credit Corporation ("Merchants") for collection. Merchants filed a state court lawsuit against them. Merchants, through Woehler in the state court lawsuit, sought and obtained judgments against Anglin.

B. Among other claims, the Lawsuit alleges that the defendants' lawsuit and judgments discriminate against the Anglins on the basis of marital status in violation of 15 USC § 1691("ECOA") when it sought and obtained judgment against the separate estates of each Anglin for the separate debt of the other. It also alleges that the defendants violated 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") for the Anglins for the same ECOA reason and attempting to garnish Heidi's paycheck before there was a final judgment in the case. In the same manner, it violated RCW 19.16, the Washington Collection Agency Act ("WCAA"), and through it, RCW 19.86, and the Washington Consumer Protection Act ("WCPA") and the WCPA standing alone. The Anglins thus want the stay lifted to allow them to proceed against Jason Woehler ("Woehler") in the claims as alleged in the Lawsuit.

2. Woehler has listed the Anglins as creditors in this bankruptcy.

3. Mark Rosenberg is the attorney for Woehler in the Lawsuit. The Anglins do not know if he was hired under an insurance policy or privately.

4. There is pending in the Lawsuit a motion for dismiss by

MOTION FOR RELIEF FROM STAY TO PURSUE LAWSUIT - 2/5
Case No. 18-12299-CMA
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

Case 18-12299-CMA    Doc 12    Filed 06/19/18    Ent. 06/19/18 12:06:57    Pg. 2 of 5

the defendants. In any event, the relief sought only extends to the determination of liability and payment would be sought from Woehler's insurance coverage, if any, and to the amount of any dividend to creditors proposed and allowed under duly filed proofs of claim in the instant bankruptcy.

## ISSUE

Should this Court for cause under 11 U.S.C. § 362(d)(1) lift the automatic stay of 11 U.S.C. § 362(a) and allow the Anglins to pursue their claims against Woehler?

The Anglins believe this Court should lift the stay.

## LAW

The case of *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, (7th Cir. 1991) would appear to grant this court authority for cause under 11 U.S.C. § 362(d)(1) to lift the stay. In it, the moving party sought relief from stay for "cause" under 11 U.S.C. § 362(d)(1). The moving party sought only a judgment for liability against the debtor. It sought the judgment for liability so it could obtain the proceeds of the debtor's insurance policy. The Anglins would seek a judgment against Woehler on liability that would be satisfied only to the extent of any insurance policy or as the basis for a proof of claim in the instant bankruptcy.

*Fernstrom,* at 736 carved out two exceptions to relief from

MOTION FOR RELIEF FROM STAY TO PURSUE LAWSUIT - 3/5
Case No. 18-12299-CMA
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

Case 18-12299-CMA    Doc 12    Filed 06/19/18    Ent. 06/19/18 12:06:57    Pg. 3 of 5

stay, neither of which seem to apply here.  The first:

> "'(W)here there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor. (Citation omitted)'"

These facts are not present here.  A judgment against any insurance policy and a judgment against the instant bankruptcy estate is not a judgment against Woehler.  The Anglins seek judgment against any insurance policy of the debtor or against the instant bankruptcy estate.

The second:

> "'The second operates where the pending litigation, though not brought against the debtor, would cause the debtor, the bankruptcy estate, or the reorganization plan "irreparable harm. (Citations omitted)'"

Here again, these facts do not seem to apply to the instant case.  If the result of the Lawsuit is that Woehler is liable to the Anglins for an amount certain, then it would be satisfied either from any insurance policy and/or pro rata as allowed in his Chapter 13 Plan.  Because of the deficient filing, it is difficult to know what other claims exist against the debtor's assets or insurance policy.

## CONCLUSION

As a result, this Court should find cause to allow the Anglins under 11 U.S.C. § 362 (d)(1) relief from the automatic stay of 11 U.S.C.  § 362(a) to allow them to continue the Lawsuit

MOTION FOR RELIEF FROM STAY TO PURSUE LAWSUIT - 4/5
Case No. 18-12299-CMA
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

Case 18-12299-CMA    Doc 12    Filed 06/19/18    Ent. 06/19/18 12:06:57    Pg. 4 of 5

against Woehler, subject to the limitations described above.

DATED this 18th day of June 2018.

/s/ James Sturdevant
James A. Sturdevant WSBA # 8016
Attorney for Heidi & Ernst Anglin

DECLARATION

I hereby certify and declare under penalty of perjury that the above and foregoing is true and correct to the best of my knowledge.

DATED at Bellingham, WA this 19th day of June 2018.

/s / James Sturdevant
James A. Sturdevant WSBA #8016
Attorney for Heidi and Ernest Anglin.

PROOF OF SERVICE

I hereby certify that on this 19th day of June 2018, I electronically filed the foregoing Motion for Relief from Stay to Pursue FDCPA Claim; Proposed Order Granting Relief from Stay to Heidi & Ernest Anglin; and Notice of Motion and Hearing using the CM/ECF system, which will send notification to all attorneys of record and to the U.S. trustee.

DATED this 19th day of June 2018.

/s/ James Sturdevant
James A. Sturdevant WSBA # 8016
Attorney for Heidi & Ernst Anglin

MOTION FOR RELIEF FROM STAY TO PURSUE LAWSUIT – 5/5
Case No. 18-12299-CMA
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

Case 18-12299-CMA    Doc 12    Filed 06/19/18    Ent. 06/19/18 12:06:57    Pg. 5 of 5