Judge: Christopher M. Alston
Chapter: 13
Hearing Date: September 27, 2018
Hearing Time: 9:30 am
Hearing Location: Judge Alston's Courtroom
700 Stewart St #7206
Seattle, WA 98101-8101

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

JASON L WOEHLER,

Debtor.

IN CHAPTER 13 PROCEEDING
NO. 18-12299

TRUSTEE'S OBJECTION TO CONFIRMATION

The Trustee objects to confirmation of the debtor's plan, filed August 20, 2018 (ECF No. 43) as follows:

(1) According to the Internal Revenue Service (ECF Claim No. 1), the debtor needs to file his income tax returns for years 2012 through 2017. 11 USC §§ 1307, 1308. (2) The debtor did not provide the Trustee with a copy of the debtor's most recently filed federal income tax return (including all schedules), as ordered (ECF No. 39; ¶ 3.a.). (3) The debtor did not appear at his continued meeting of creditors on August 27, 2018, as ordered (ECF No. 39; ¶ 9). The debtor, an attorney, apparently had a trial that day, as indicated by debtor's attorney. Even so, it is unclear why the debtor (through his attorney) would agree on August 9, 2018 to appear at his continued meeting of creditors on August 27, 2018 if the debtor knew he had a trial scheduled. Even if the trial was scheduled after August 9, 2018, the debtor needs to fully explain his non-compliance with the Court's order (ECF No. 39). (4) The Trustee continued the debtor's meeting of creditors to September 24, 2018 at 9:45 am. The debtor must appear at that continued meeting. (5) The debtor did not make a $8,040.00 plan payment so that the plan payment was received and posted by the Trustee by August 20, 2018 (ECF No. 39; ¶ 7). The Trustee has received $6,534.55 from the debtor through a wage deduction issued to debtor's employer, but that amount is less than the amount the Court ordered the debtor to make. (6) Moreover, the debtor is delinquent on his plan payments. The debtor should have started making his plan

TRUSTEE'S OBJECTION TO CONFIRMATION - 1

Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 Fax: (206) 624-5282
www.seattlech13.com

CM161
jwa

Case 18-12299-CMA    Doc 52    Filed 08/29/18    Ent. 08/29/18 18:00:08    Pg. 1 of 3

payments in July 2018, but the first plan payment received by the Trustee from the debtor (through a wage deduction) was on August 14, 2018. See 11 USC § 1325(a)(1).

(7) Section X. of the debtor's proposed amended plan provides that "[t]his plan commits to pay all creditors 100% of the allowed claims plus postpetition interest at the federal judgment rate. Two general unsecured claims, Ernest Anglin and Russell Brandt, are as of this date filed in an unknown amount and are estimated for plan purposes. These claims are the subject of litigation in United States District Court. Upon entry of final judgment in both cases, the debtor will modify the plan as necessary to adjust the plan payment but in no event will creditors be paid less than 100% of their allowed claims with postpetition interest at the rate specified in section IX above." Given the uncertainty of this provision, the unknown and uncertain claims filed by Russell Brandt (ECF Claim No. 8) and Heidi and Ernest Anglin (ECF Claim No. 6), the Trustee cannot determine if the debtor's plan is feasible.

(8) Moreover, the debtor has not established that he will be able to make all payments under the plan and to comply with the plan. 11 USC § 1325(a)(6).

(9) The debtor has not established that he filed his proposed amended plan in good faith. 11 USC § 1325(a)(3). In making the good faith determination, a court should ask whether the debtor has acted equitably in proposing his plan. Goeb v. Heid (In re Goeb), 675 F.2d 1386, 1390 (9th Cir. 1982). A court's inquiry should be "directed to whether or not there has been an abuse of the provisions, purpose, or spirit of Chapter XIII in the proposal or plan." Id. at 1390 n.9. Courts base their good faith determination on a totality of the circumstances. Id. at 1391. Based on the information conveyed above, the Trustee has concerns about the debtor's motivation and sincerity in seeking Chapter 13 relief, as well as the debtor's general willingness to meet his responsibilities under the U.S. Bankruptcy Code and his willingness to comply with the Court's orders. See generally Meyer v. Lepe (In re Lepe), 470 B.R. 851, 857 (B.A.P. 9th Cir. 2012) (citing numerous factors courts may consider in making the good faith determination) (citations omitted).

(10) The United States Trustee selected this case for audit (ECF No. 23). The Trustee does not believe that any plan should be confirmed until the United States Trustee has completed his audit and issued his findings.

(11) The Trustee

TRUSTEE'S OBJECTION TO CONFIRMATION - 2

Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 Fax: (206) 624-5282
www.seattlech13.com

CM161 jwa

Case 18-12299-CMA    Doc 52    Filed 08/29/18    Ent. 08/29/18 18:00:08    Pg. 2 of 3

reserves the right to assert additional bases for this objection, particularly as he has been unable to conduct the meeting of creditors.

THE TRUSTEE REQUESTS:

That the Court enter an order denying confirmation of the debtor's plan, and setting deadlines for filing and noting a feasible amended plan.

Dated: August 29, 2018

/s/ K. Michael Fitzgerald
K. Michael Fitzgerald, WSBA #8115
Chapter 13 Trustee

TRUSTEE'S OBJECTION TO CONFIRMATION - 3

Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 Fax: (206) 624-5282
www.seattlech13.com

Case 18-12299-CMA    Doc 52    Filed 08/29/18    Ent. 08/29/18 18:00:08    Pg. 3 of 3