1
2
3
4
5

The Honorable Christopher M. Alston
Chapter 7
Hearing Location: Courtroom 7206
700 Stewart St., Seattle, WA
Hearing Date: September 20, 2019
Hearing Time: 9:30 AM
Response Date: September 13, 2019

6

7

8

9

10

11

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

12

13

14

IN RE:

JASON L. WOEHLER

           Debtor.

NO. 18-12299 CMA

REPLY IN SUPPORT OF MOTION FOR
ORDER GRANTING RULE 2004
EXAMINATION

15

16

17

## Table of Contents

18  I. INTRODUCTION ........................................................................................................... 1

19  II. AUTHORITY & ARGUMENT ...................................................................................... 1

20     A.    The standard for authorizing the issuance of Rule 2004 subpoenas is not whether a
bankruptcy trustee has already established possible claims. ...................................................... 1

21     B.    Although not required for the issuance of a Rule 2004 subpoena, the Trustee has
established the estate holds potential claims against Sacor. ........................................................ 3

22  III. CONCLUSION ............................................................................................................. 6

23

24

25

REPLY IN SUPPORT OF MOTION FOR ORDER GRANTING
RULE 2004 EXAMINATION - i

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

## I.  INTRODUCTION

2      The Trustee seeks eight (8) categories of documents and to take a deposition of a

3  representative of Sacor Financial, Inc. ("Sacor") to answer questions about the records

4  produced and notations made in a collection activity log, a document produced in *Brandt v.*

5  *Columbia Credit Services, Inc.* et al. W.D. Wash. Case No. 2:17-cv-00703-RSM.  Sacor argues

6  the Trustee's motion should be denied because: ". . . Woehler's estate has no possible claims

7  that could arise out the judgment entered against W&W and Woehler based solely on the

8  conduct of W&W and Woehler."  Dkt. No. 155 at 3:17-19.  Notably, Sacor does not

9  meaningfully contend that the records sought would be unduly burdensome to produce.

10     The Trustee's motion should be granted because: (1) Fed. R. Bankr. P. 2004 does not

11  require a bankruptcy trustee to establish s/he has claims when the objective of the Rule 2004

12  examination is to investigate/evaluate claims to begin with; and (2) even if the Court were to

13  adopt such a standard for the issuance of Rule 2004 subpoenas, the Trustee's investigation to

14  date reveals the estate holds possible claims against Sacor.

## II.  AUTHORITY & ARGUMENT

A.  The standard for authorizing the issuance of Rule 2004 subpoenas is not whether a
    bankruptcy trustee has already established possible claims.

Sacor concedes that "[t]he purpose of a Rule 2004 examination is to enable the trustee
to discover the nature and extent of the bankruptcy estate."  Dkt. No. 155 at 3:10-12.  The
Trustee acknowledges that a Rule 2004 exam ". . . may not be used for 'purposes of abuse or
harassment' and . . . 'cannot stray into matters which are not relevant to the basic inquiry.'"
Dkt. No. 155 at 3:13-15 (citing *In re Washington Mut., Inc.*, 408 B.R. 45, 49-50 (D. Del.
2009)).  There is no suggestion that the Trustee is seeking the issuance of the Rule 2004
subpoena for purposes of abuse or harassment.

REPLY IN SUPPORT OF MOTION FOR ORDER GRANTING
RULE 2004 EXAMINATION - 1

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

1    And notably, Sacor has failed to assert, let alone establish, that the records sought by

2  the Trustee would be unduly burdensome to produce.  Sacor does not, with the lone sentence

3  "[t]he records are inconvenient to Sacor, and can be obtained from public record, or creditor

4  Russell Brandt rather than inconveniencing Sacor[,]" Dkt. No. 155 at 1:17-18, come close to

5  establishing that producing the records sought by the Trustee would constitute such a burden so

6  as to not require production.

7           An evaluation of undue burden requires the court to weigh the burden to the
           subpoenaed party against the value of the information to the serving
8          party." *Travelers v. Metropolitan*, 228 F.R.D. at 113. A **"generalized and
           unsupported allegation of undue burden is not sufficient to prevent**
9          **enforcement of [a] subpoena[]."**

10

11  *Sanchez Ritchie v. Sempra Energy*, 2015 WL 12912316, Case No. 10CV1513-CAB (KSC) at

12  *8 (S.D. Cal. Apr. 6, 2015) (quoting *Diamond Sate Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D.

13  691, 696 (D. Nev. 1994)).  *See also Shakespear v. Wal-Mart Stores, Inc., LLC*, 2012 WL

14  13055159, Case No. 212CV01064MMDPAL at *3 (D. Nev. Nov. 5, 2012) ("Wal-Mart's

15  general objections do not provide sufficient detail regarding the time, money, and procedures

16  required to produce the requested information to meet its burden.").

17          Nowhere in the supporting declaration of Mr. Hansen, who provides that he is the

18  custodian of the records related to the Brandt case, is it articulated that complying with the

19  Trustee's request for records and deposition would constitute any sort of burden on Sacor.  *See*

20  *generally* Dkt. No. 156.  The Court should enter the Trustee's proposed order since: (1) she is

21  not required to establish the existence of potential claims against Sacor in seeking the records

22  that may establish claims against Sacor; and (2) Sacor has failed to establish that producing the

23  records and appearing for deposition would cause any sort of burden or hardship on Sacor.

24

25

REPLY IN SUPPORT OF MOTION FOR ORDER GRANTING
RULE 2004 EXAMINATION - 2

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

B.   Although not required for the issuance of a Rule 2004 subpoena, the Trustee has established the estate holds potential claims against Sacor.

Mr. Hansen's version of what transpired with the Brandt collection matter departs in many respects from what the Trustee's investigation has yielded.  For instance, Mr. Hansen writes in the fifth paragraph of his declaration that the Debtor's law firm stopped communicating with Sacor in 2016, and suggests, in the last sentence of the same paragraph, that the Debtor's law firm failed to communicate to Sacor that Brandt had communicated to Debtor's law firm that the judgment had been settled.  But the Trustee has learned that the Debtor's law firm communicated to Sacor in 2012 and on June 20, 2015, that Brandt communicated that the judgment had been settled.

Francis Huguenin had been employed as a Rule 9 intern at the Debtor's law firm, and later as an attorney.[1]  One of his primary responsibilities while working at the Debtor's law firm was the handling of Sacor files.[2]  Mr. Huguenin provides that he conducted supplemental proceedings in King County Superior Court on June 20, 2015, at the request of Sacor.[3]  Huguenin provides that Brandt appeared and provided documents that appeared to evidence payment of the underlying debt.  Mr. Huguenin provides that he transmitted the documents supplied by Brandt to a John Tubbs at Sacor.  Huguenin has a copy of the email transmitting those documents to Sacor on June 20, 2015.[4]  Mr. Huguenin provides that Tubbs indicated Sacor would conduct an internal investigation regarding Brandt's assertion that the debt had been satisfied.  The Trustee has been provided with an email dated July 1, 2015 from Mr. Tubbs to Mr. Huguenin, in which Mr. Tubbs confirms that the issue about Brandt settling the debt had been raised with Sacor previously in 2012.[5]  Just a few months prior to that July 1,

---

[1] Declaration of Manish Borde in Support of Reply in Support of Motion for Order Granting Rule 2004 Examination ("Borde Declaration"), Ex. A (Huguenin declaration at page 1).
[2] Borde Declaration, Ex. A (Huguenin declaration at page 2).
[3] Borde Declaration, Ex. A (Huguenin declaration at page 3).
[4] Borde Declaration, Ex. A (Huguenin declaration at page 3 line 20 – page 4 line 9).
[5] Borde Declaration, Ex. A (see Exhibit 4 to Huguenin declaration, July 1, 2015 email from Tubbs to Huguenin).

REPLY IN SUPPORT OF MOTION FOR ORDER GRANTING
RULE 2004 EXAMINATION - 3

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

1   2015 email (and well past 2012), it was Mr. Tubbs of Sacor that had requested that the

2   judgment against Mr. Brandt be revived, and it was Mr. Tubbs who requested that

3   supplemental proceedings be undertaken.[6]

4          Mr. Hansen suggests at various places in his declaration (by reciting allegations in Mr.

5   Brandt's complaint) that Mr. Woehler elected to ignore the evidence provided by Mr. Brandt

6   that he settled the debt owed to Sacor, and that Woehler and his law firm unilaterally continued

7   collection efforts, *see e.g.,* Hansen declaration at 2:6-9. 2:16-23.  But Mr. Huguenin provides:

8          The only actions initiated by [Debtor's law firm] on Sacor matters were done so
            at the instruction of Sacor. **Each action taken in the Brandt matter was done**
9          **at the direction of Sacor, including each writ of garnishment as well as the**
            **supplemental proceedings. W&W's attorney liaison at Sacor, John Tubbs,**
10         **would initiate these actions** and communicate directly with W&W if there
            were any issues.
11
            . . .
12
            **Because of Sacor's determination that payment [from Brandt] was not**
13         **received, they proceeded to request additional writs of garnishment and**
            **further collection action in this matter.** At all times, I relied upon the
14          instructions of Sacor as to whether and how to proceed to effect collection on
            this and all other files . . . . No action was taken by [Debtor's law firm] without
15          a specific Attorney Work Request Sheet. . . [Debtor's law firm] would not move
16          forward on an action without this documentation.
17
18   Borde Declaration, Ex. A (Huguenin declaration at 2:18-22 and 4:16-5:6 (emphasis added)).

19         Mr. Hansen further provides that there is no colorable claim against Sacor because Mr.

20   Woehler and his law firm were responsible for their own conduct.  But Mr. Huguenin has

21   provided evidence that:  (1) the Debtor and his law firm informed Sacor in at least 2012 and

22   2015 of Brandt's claim (and Brandt's documentation) that Brandt paid the judgment held by

23   Sacor; (2) the Debtor and his law firm took no collection action against Brandt absent requests

24   from Sacor to take such action; and (3) Sacor instructed the Debtor and his law firm to proceed

25
     ───────────────
     [6] Borde Declaration, Ex. A (see Exhibit 5 to Huguenin declaration, April 20, 2015 email from Tubbs to
     Huguenin).

     REPLY IN SUPPORT OF MOTION FOR ORDER GRANTING              **BORDE LAW PLLC**
     RULE 2004 EXAMINATION - 4                                  600 Stewart Street, Suite 400
                                                                Seattle, Washington 98101
                                                                (206) 905-6129

1  with collection activity after failing to (at least arguably) properly and thoroughly investigate

2  Brandt's claim that he paid the judgment.

3      While Mr. Hansen provides that Lane had been an agent/employee of Columbia Credit

4  Services, Inc., it is not clear that Lane was never employed by Sacor.  As provided in Sacor's

5  opposition, under the agreement with the Debtor's law firm, Sacor is responsible for the acts

6  and omissions of their employees, agents, servants, officers and directors, and shall hold

7  Debtor's law firm harmless of any claim, suit, loss, judgment, or award incurred as a result of

8  unlawful, improper or negligent acts of Sacor's employees, agents, servants, officers and

9  directors.  To the extent Lane is deemed an employee of Sacor, he committed an

10  unlawful/improper act that resulted in damages to Woehler (in the form of the judgment

11  obtained by Brandt).  And even if Lane is not deemed an employee of Sacor (notwithstanding

12  certain language in Judge Martinez's Order[7]), there is the argument that the investigation

13  undertaken by Sacor's employees was negligent, resulting in the damages to Woehler (in the

14  form of the judgment in favor of Brandt).

15      Although the parties to the contract containing the indemnification provision were

16  Debtor's law firm and Sacor, there is a likelihood that a trier of fact would conclude Mr.

17  Woehler was a third-party beneficiary of the agreement between his law firm and Sacor.  Sacor

18  contends that the indemnification provision could not apply because Sacor terminated the

19  agreement in 2016.  But there is no language that limits the application of the indemnification

20  provision to the term of the agreement, and such an interpretation would contravene the typical

21  interpretation of such provisions.

22      But even if Woehler is not a third-party beneficiary, or the indemnification provision is

23  deemed inapplicable, there is the possibility of claims for equitable indemnity and violations of

24

25

---

[7] *Brandt v. Columbia Credit Services, Inc.*, Dkt. No. 29 (Order) at 1:25-26 ("In 2005, . . . CCS, . . . Sacor Financial, Inc.'s . . . **predecessor**, obtained a judgment against Mr. Brandt . . . .) (Emphasis added.)

REPLY IN SUPPORT OF MOTION FOR ORDER GRANTING
RULE 2004 EXAMINATION - 5

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

1   the Consumer Protection Act. The elements of equitable indemnity are: (i) a wrongful act or

2   omission by A toward B; (ii) such act or omission exposes or involves B in litigation with C;

3   and (iii) C was not connected with the initial transaction or event, *viz.,* the wrongful act or

4   omission of A toward B. *Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc.*,

5   168 Wash. App. 86, 104, 285 P.3d 70, 81 (2012). Here: (1) the wrongful act/omission would

6   be Sacor's instructions to continue with the collection effort against Brandt notwithstanding the

7   embezzlement by Lane and subsequent incomplete/improper investigation by Sacor in 2012

8   and 2015 regarding Brandt's payment; (2) this conduct involved Woehler in litigation with

9   Brandt; and (3) Brandt was not a cause of the embezzlement or Sacor's incomplete

10   investigation.

11       The elements of a claim under the CPA are: (1) an unfair or deceptive act or practice;

12   (2) in trade or commerce; (3) public interest; (4) injury to business or property; and (5)

13   causation.[8] Judge Martinez ruled that the facts concerning the continued collection effort

14   against Brandt constituted a violation of the CPA. *Brandt v. Columbia Credit Services, Inc.*,

15   Dkt. No. 29 (Order) at 10:13-21. Mr. Woehler suffered his own injury to business or property,

16   in the form of the judgment obtained by Brandt against him. Accordingly, the estate may also

17   have a CPA claim to assert.

18                     III. CONCLUSION

19       Sacor has not established that the production of the records sought by the Trustee and

20   appearance for a deposition will be unduly burdensome. The Trustee is not required to

21   establish the estate holds claims in seeking the issuance of the Rule 2004 subpoena, but has, in

22   any event, established potential claims for indemnity and violations of the CPA. The Trustee's

23   motion should be granted.

24

25

---

[8] WPI 310.01 Elements of a Violation of the Consumer Protection Act, 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 310.01 (7th ed.)

REPLY IN SUPPORT OF MOTION FOR ORDER GRANTING
RULE 2004 EXAMINATION - 6

**BORDE LAW PLLC**
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129

1

2          DATED this 17th day of September, 2019.

3
                                          /s/ Manish Borde
4                                         Manish Borde, WSBA #39503
                                          BORDE LAW PLLC
5                                         600 Stewart Street, Suite 400
                                          Seattle, WA 98101
6                                         Telephone: (206) 905-6129
                                          mborde@bordelaw.com
7
                                          Special litigation counsel for Trustee
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REPLY IN SUPPORT OF MOTION FOR ORDER GRANTING          **BORDE LAW PLLC**
RULE 2004 EXAMINATION - 7                               600 Stewart Street, Suite 400
                                                        Seattle, Washington 98101
                                                        (206) 905-6129

PROOF OF SERVICE

The undersigned hereby certifies that on September 17, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants, including but not limited to:

Debtor's counsel, James E. Dickmeyer          jim@jdlaw.net,
                                              jim.dickmeyer@gmail.com

Counsel for Creditor Russell Brandt,          saraellen@saraellenhutchison.com,
Samuel R. Leonard and SaraEllen M.            info@seattlefaircredit.com,
Hutchinson                                    sam@seattledebtdefense.com,
                                              srleonard266@hotmail.com

Counsel for Sacor Financial, Inc.,            hasson@hassonlawllc.com
Jeffrey Hasson


DATED this 17th day of September, 2019.


                                              /s/ Manish Borde
                                              Manish Borde, WSBA #39503
                                              BORDE LAW PLLC
                                              600 Stewart Street, Suite 400
                                              Seattle, WA 98101
                                              Telephone: (206) 905-6129
                                              mborde@bordelaw.com
                                              Special litigation counsel for Trustee

REPLY IN SUPPORT OF MOTION FOR ORDER GRANTING
RULE 2004 EXAMINATION - 8

BORDE LAW PLLC
600 Stewart Street, Suite 400
Seattle, Washington 98101
(206) 905-6129