Judge: Christopher M. Alston
Chapter: 7
Hearing Location: Seattle
Hearing Date: 3-6-20
Hearing Time: 9:30 a.m.
Response Date: 2-28-20

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

In Re:

JASON L. WOEHLER,

Debtor

Case No: 18-12299-CMA

MOTION TO DETERMINE AUTOMATIC STAY VIOLATION AND VOID LIEN

**NOTICE**

PLEASE TAKE NOTICE that the below joined motion by the debtor for determination that entry of judgment in the United States District Court in favor of Russell Brandt violates the automatic stay of 11 USC §362 will be heard on March 6, 2020, at 9:30 a.m. in Room 7206 at the United States Bankruptcy Court, 700 Stewart Street, Seattle, Washington 98101, and the clerk is requested to note the motion on the motion docket for that day.

YOU ARE FURTHER NOTIFIED that responses or objections must be made in writing and the original filed with the Clerk of the Bankruptcy Court in Room 6301, 700 Stewart Street, Seattle WA 98101 no later than February 28, 2020. Failure to so comply may be deemed by the court as opposition without merit. If responsive pleadings are not filed as stated

Motion re Stay Violation - 1

**JAMES E. DICKMEYER, PC**
520 Kirkland Way Suite 400
Avenue PO Box 2623
Kirkland, Washington 98083-2623
(425) 889-2324

Case 18-12299-CMA    Doc 169    Filed 02/12/20    Ent. 02/12/20 14:35:44    Pg. 1 of 4

above, the hearing may be stricken and an order granting the relief requested in the motion may be presented *ex parte*.

## MOTION

The debtor Jason L. Woehler ("Woehler") hereby moves the court for entry of an order determining that the judgment entered by the United States District Court in case number 2-17-cv-00703 (the "District Court Action") on October 23, 2018 against Woehler in favor of Russell Brandt ("Brandt") violates the automatic stay of 11 USC §362 to the extent the judgment creates and fixes a lien on Woehler's personal residence and that any such lien is void. This motion is based on the records and files herein and the declaration of James E. Dickmeyer filed herewith.

Woehler filed this case originally under Chapter 13 of the Code on June 8, 2018. At the petition date, Woehler was defending the District Court Action Brandt had removed to the District Court in May 2017. On July 5, 2018 this court approved a stipulated order granting relief from stay for the District Court Action to proceed "for the limited purpose of fixing Brandt's damages claim in this matter." Exhibit 1 to Dickmeyer declaration, Dkt. 21.

The District Court Action resulted in a jury verdict against Woehler. Brandt was awarded exemplary damages, attorney fees and costs, bringing the total claim to $288,967. The Clerk of the District Court entered judgment against Woehler on the District Court docket on October 23, 2018. Exhibit 2 to Dickmeyer declaration.

In April 2019 the trustee herein ordered a preliminary commitment for title insurance. The preliminary title commitment issued by Old Republic Title reflects a judgment lien against Woehler's real property at 1920 A East Spruce Street, Seattle WA in the amount of $288,967 arising from the District Court Action. Exhibit 3 to Dickmeyer declaration.

Motion re Stay Violation - 2

JAMES E. DICKMEYER, PC
520 Kirkland Way  Suite 400
Avenue  PO Box 2623
Kirkland, Washington 98083-2623
(425) 889-2324

Case 18-12299-CMA    Doc 169    Filed 02/12/20    Ent. 02/12/20 14:35:44    Pg. 2 of 4

11 USC §362(a) provides that a petition filed under §301 of the Code operates as a stay, applicable to all entities, of:

… (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate; and,

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before commencement of the case under this title.

The District Court's entry of judgment against Woehler, to the extent the judgment fixes or results in the fixing of a lien against Woehler's residence, exceeds the relief this court granted from the automatic stay. The stipulated order lifting the stay only permitted the claim to be liquidated. The order did not authorize the District Court to effect the creation of a lien against property of the estate and/or the debtor on account of an unsecured, unliquidated, prepetition claim.[1] To the extent the judgment creates or fixes a lien on Woehler's property or that of the estate on account of an unsecured claim that arose before this case was commenced, the judgment is void.

It has long been the law in this Circuit that "[V]iolations of the automatic stay [are] void, not voidable." Schwartz v. United States (In re Schwartz), 954 F.2d 569, 571 (9th Cir. 1992); see also Gruntz v. County of Los Angeles (In re Gruntz), 202 F.3d 1074, 1082 (9th Cir.2000) (en banc); In re Tippett, 542 F.3d 684 (9th Cir. 2008).

The relief sought in this motion is an order from this court specifying that the judgment entered by the United States District Court on October 23, 2018 following trial that was for the sole purpose of fixing Brandt's claim in this matter (which Brandt acknowledges is unsecured,

---

[1] Nor did the order authorize the Brandt claim, once liquidated, to enjoy a higher priority than priority claims and other general unsecured claims, which would result if the judgment lien were permitted to stand.

Motion re Stay Violation - 3

**JAMES E. DICKMEYER, PC**
520 Kirkland Way Suite 400
Avenue PO Box 2623
Kirkland, Washington 98083-2623
(425) 889-2324

see claim no. 8-3), does not create or fix a lien on Woehler's real property and that any such lien is void.

WHEREFORE, the debtor respectfully requests the court enter an order as sought.

DATED this 12th day of February, 2020

James E. Dickmeyer, PC

By   */s/ James E. Dickmeyer*
    James E. Dickmeyer  WSBA #14318
    Attorney for Debtor

Motion re Stay Violation - 4

**JAMES E. DICKMEYER, PC**
520 Kirkland Way Suite 400
Avenue PO Box 2623
Kirkland, Washington 98083-2623
(425) 889-2324

Case 18-12299-CMA    Doc 169    Filed 02/12/20    Ent. 02/12/20 14:35:44    Pg. 4 of 4