**Below is the Order of the Court.**

_____
**Christopher M. Alston**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

_____

Honorable Christopher M. Alston
May 8, 2020; 9:30 a.m.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: | Chapter 7 |
| | Bankruptcy No. 18-12299 |
| JASON L. WOEHLER, | |
| | ORDER APPROVING |
| Debtor(s). | COMPROMISE OF CLAIM |

THIS MATTER having come regularly before the above-signed Judge of the above-entitled court upon the trustee's motion to compromise a claim, proper notice having been given and no objections having been timely filed, good cause appearing, and it being in the best interest of the estate, now, therefore, it is hereby

ORDERED that the trustee, Nancy L. James, is authorized to enter into the Settlement Agreement with Sacor Financial, Inc., a copy of which is attached hereto.

//// END OF ORDER ////

**ORDER APPROVING**
**COMPROMISE OF CLAIM**
200408bOrd   Page 1

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

1 Presented By:

2 THE LIVESEY LAW FIRM

3

    /S/ *Rory C. Livesey*

4 _____
Rory C. Livesey, WSBA #17601

5 Attorney for Nancy L. James, Trustee

6 The Livesey Law Firm
600 Stewart Street, Suite 1908

7 Seattle, WA 98101
(206) 441-0826

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**ORDER APPROVING**
**COMPROMISE OF CLAIM**
200408bOrd   Page 2

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 18-12299-CMA    Doc 196    Filed 05/19/20    Ent. 05/19/20 11:53:23    Pg. 2 of 7

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made on the 9th day of April, 2020 by and between Nancy L. James, in her capacity as the Chapter 7 bankruptcy Trustee in the bankruptcy case of Jason L. Woehler, Bankr. W.D. Wash. Case No. 18-12299-CMA (the "Trustee" and/or the "Estate"), and Sacor Financial, Inc. ("Sacor"). ("Trustee" and "Estate" and "Sacor" are sometimes referred to herein collectively as "The Parties" and individually as a "Party".) The purpose of this Agreement is to fully and finally settle and resolve all claims that were or could have been brought either by the Trustee/Estate or the Trustee on behalf of Wales & Woehler Inc. PS, against Sacor arising out of claims by Mr. Russel Brandt against Sacor or Woehler and or arising out of the judgment entered against the Debtor Jason L. Woehler in *Brandt v. Columbia Credit Services, Inc., et al.*, W.D. Wash. Case No. 2:17-cv-00703-RSM and arising in any way from the attorney services agreement between Sacor Financial Inc. and Wales & Woehler Inc. PS dated January 27, 2011 attached hereto as Exhibit 1.

## RECITALS

A. On March 31, 2017, Mr. Brandt filed a Complaint for Injunctive Relief for Violations of the Washington Consumer Protection Act, The Washington Collection Agency Act, The Fair Debt Collection Practices Act, *inter alia*, in King County Superior Court, Case No. 17-2-07902-2 SEA (the "2017 Action") against Columbia Credit Services, Inc., the Debtor, the Debtor's law firm, and Sacor.

B. Sacor caused the 2017 Action to be removed to the United States District Court for the Western District of Washington. The 2017 Action was assigned Case No. 2:17-cv-00703-RSM.

C. A jury trial on damages was held in the 2017 Action on September 17 and 18, 2018. The jury returned a verdict for Brandt against Mr. Woehler in the amount of $161,752. After attorneys' fees and statutory damages, the total judgment entered against Mr. Woehler was $288,967.

D. Mr. Woehler filed for relief under Chapter 13 of the Bankruptcy Code on June 6, 2018. The case was converted to a Chapter 7 case on September 26, 2018, and Nancy L. James was appointed as the bankruptcy trustee.

1

E.  The Trustee obtained an Order for Rule 2004 Examination with respect to Sacor on September 24, 2019.

F.  Following review of the documents produced by Sacor pursuant to the Order for Rule 2004 Examination, the Trustee provided a courtesy copy of her proposed complaint to Sacor.

G.  The Parties have entered into this Agreement in order to avoid the risk, uncertainty and cost of litigation, and by entering into this Agreement each party specifically denies liability or culpability.

## TERMS

In consideration for the mutual promises and covenants contained in this Agreement which the parties specifically agree and acknowledge are good, valuable and sufficient consideration to enforce the mutual promises herein, the parties agree as follows:

1.  **Incorporation of Recitals.** The Recitals set forth above are hereby incorporated into this Agreement as if fully set forth here.

2.  **Settlement Amount.** Sacor agrees to pay the Trustee/Estate the sum of Twenty Thousand and 00/100 dollars ($20,000) (the "Settlement Funds"). The Settlement Funds shall be paid on or by April 16, 2020.

3.  **Court approval.** The Trustee shall seek approval from the Court necessary to effectuate this Agreement and render it enforceable and binding on the parties. The Settlement Funds will be held by the Trustee pending Court approval. If the Court denies approval of this Agreement, the Trustee shall immediately return the Settlement Funds to Sacor.

4.  Covenants/representations by Sacor:

    a.  Sacor was a 13-person company until mid-March 2020. As of the date of this Agreement and largely as a result of the Coronavirus/COVID-19 pandemic, there are only two people left in the office.

    b.  Sacor was organized in 2010 solely to collect the Columbia credit/National Credit portfolio Sacor purchased. The portfolio is mostly exhausted. Management is aged and preparing to retire.

2

   c. The insurance company that helped Sacor with the
   *Brandt* case (Hiscox) is refusing to provide coverage.
   The subsequent insurer (Nautilus) is refusing to provide
   coverage because Nautilus contends it is a matter
   related to the *Brandt* claim and because Sacor already
   put insurer Hiscox of the Trustee's claim.

   d. As a result of the Coronavirus / COVID-19 pandemic
   all of the court and sheriff dependent collection
   processes are shut down, the sheriffs are not remitting
   what they hold, and Sacor believes this will be the case
   for 3-12 months. Wage garnishments are bouncing
   because layoffs and employer closures, and voluntary
   payers have ceased paying. For all intents and
   purposes, this means that Sacor has no income.

Covenants/representations by Trustee:

   Jason Woehler was the sole shareholder of
   Wales&Woehler PS. The shares of Wales and Woehler PS
   are part of the Bankruptcy estate. The Trustee is the sole
   shareholder as at the time of the bankruptcy filing, and has
   the authority to bind Wales&Woehler PS to this agreement.

   5.   Mutual Releases. The Trustee/Estate and Wales & Woehler Inc. PS hereby
release Sacor, their Additional Released Parties, and Sacor hereby releases the Trustee and the
Estate and their Additional Released Parties, from all Released Claims, as described further
below:

   a. "Released Claims" in this mutual release means all
   claims, expenses, causes of action, known or unknown,
   that have been or could have been brought against
   another party, including all claims that were or could
   have been brought either by the Trustee on behalf of the

3

Estate or Wales & Woehler Inc. PS, against Sacor arising out of claims by Mr. Russel Brandt against Sacor or Woehler or Wales & Woehler Inc. PS and / or arising out of the judgment entered against the Debtor, Jason L. Woehler in Brandt v. Columbia Credit Services, Inc., et al., W.D. Wash. Case No. 2:17-cv-00703-RSM and or arising in any way from the attorney services agreement between Sacor Financial Inc. and Wales & Woehler Inc. PS dated January 27, 2011.

b. "Released Claims" in this mutual release also includes a relinquishment by Sacor of all claims / proofs of claim against the Estate or any of its property.

c. Additional Released Parties" shall include, SACOR's and the Trustee's respective officers, directors, employees, successors, predecessors, parents, affiliates, subsidiaries, assigns, attorneys, accountants, servants, agents, representatives, shareholders, partners and insurers.

6. <u>Governing law.</u> This Agreement is entered into under the laws of the state of Washington and if it becomes necessary to interpret or enforce any of its terms, it is the intent of the parties that the laws of Washington shall apply without giving effect to principles or provisions relating to conflicts of laws or choice of laws.

7. <u>Entire Agreement/Integration Clause.</u> This Agreement contains the entire agreement of the parties with respect to the subject matter of the Agreement. The Agreement supersedes any prior agreements, understandings, or negotiations, whether written or oral. Any disputes regarding this Agreement are to be resolved by the Court before which the receivership case is pending.

8. <u>Counterparts.</u> This Agreement may be executed in identical counterparts, and by facsimile or copies sent by email in portable document format (.pdf) all of which taken together shall constitute one agreement.

4

9. <u>Confidentiality.</u> Except to the extent necessary to obtain approval of this agreement from the judge or magistrate in the Woehler bankruptcy case (which includes the filing of the Agreement), the representations by Sacor and terms of this agreement and all parts thereof shall be held confidential by all parties.

Sacor Financial, Inc.
By:
MARK STEWART
_____
(Title)
VP
_____
(Signature)
_____
(Date)   4-10-20

Nancy L. James, in her capacity as Chapter 7 Trustee for the Bankruptcy Estate of Jason L. Woehler
By:
NANCY L. JAMES, TRUSTEE
_____
(Signature)
4-13-2020
(Date)

5